James J. Crisona, J.
This is a motion by the defendant to dismiss the complaint on the ground that the court lacks jurisdiction over the person of the defendant.
The instant 'action is for legal separation. Allegedly the defendant wife is a resident of the State of Arizona. In December, 1963 the defendant filed a petition in the Superior Court ■of the State of Arizona pursuant to the previsions of the ‘ ‘ Uniform Support of Dependents Law ’ ’. (New York Domestic Relations Law, art. 3-A.) Thereafter, that court transmitted the petition and a summons to the Family Court of the State of New York, County of Queens, pursuant to-section 37 of the Domestic Relations Law. The proceeding is now pending in the latter court.
Service of the summons in the instant action was made upon Wilbur G-. Silverman, an attornéy who has appeared for the defendant in the support proceeding now pending in the Family Court. The plaintiff contends that he has jurisdiction over the defendant pursuant to CPLR 303 which provides: u The com *691 mencement of an action in the state by a person not subject to personal jurisdiction is a designation by him of his attorney appearing in the action or of the clerk of the court if no attorney appears, as agent, during the pendency of the action, for service of a summons in any separate action in which such a person is a defendant and another party to the action is a plaintiff if such separate action would have been permitted as a counterclaim had the action been brought in the supreme court,”
The defendant, however, did not commence an action in this State within the meaning of CPLR 303. Her proceeding was commenced in the State of Arizona. The transmittal of the petition to the Family Court in this State was made by a Judge of the Superior Court of the State of Arizona pursuant to the applicable provisions of the Uniform Support of Dependents Law. This law is remedial legislation designed to “ ¡secure support in civil proceedings for dependent wives, children and poor relatives from persons legally responsible for their support.” (Domestic Relations Law, § 30.), Under the terms of this law the petitioner is entitled to be represented by a Corporation Counsel or other public officer. (Domestic Relations Law, § 31.) The expenses of obtaining evidence or proof as may be required (Domestic Relations Law, § 39) as well as expenses of stenographic records of court proceedings and of certification of court records (Domestic Relations Law, § 40) are not to be borne by the person seeking support. It is obvious that this article is designed to serve a public purpose of seeking support from the persons responsible therefor no matter where they are located. This purpose could be thwarted if petitioner was held to have submitted herself to the jurisdiction of whatever State her husband happened to be in, together with the resulting burdens and expenses, merely by instituting a support proceeding.
Moreover, subdivision 2 of section 41 of the Domestic Relations Law provides: ‘ ‘ This article shall not be construed to confer jurisdiction on the court of the initiating or responding state in any pending or future action for divorce, legal separation or annulment.” Under this subdivision the Family Court would not have jurisdiction in any pending or future action for legal separation. In addition, if the support petition had been transmitted to this court instead of the Family Court, this court woxild not have had jurisdiction to entertain a counterclaim for legal separation, (CPLR 303.)
The defendant’s motion is granted.